J-S45005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRANDON DANTE BARNES, | |
| Appellant | No. 784 WDA 2015 |

Appeal from the PCRA Order of April 17, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001507-2010

BEFORE:  OLSON, DUBOW AND PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED JULY 13, 2016**

Appellant, Brandon Dante Barnes, appeals *pro se* from the order entered on April 17, 2015, dismissing his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On March 3, 2011, Appellant pleaded guilty to murder in the third degree.[1]  On April 19, 2011, the trial court sentenced Appellant to serve 20 to 40 years' imprisonment, in accordance with the terms of the negotiated plea.  Appellant did not file a notice of appeal from his judgment of sentence.

On August 11, 2011, Appellant filed a timely, *pro se* PCRA petition and the PCRA court appointed counsel to represent Appellant.  However,

---

[1] 18 Pa.C.S.A. § 2502(c).

*Retired Senior Judge assigned to the Superior Court.

appointed counsel petitioned for and was permitted to withdraw. The PCRA court dismissed Appellant's PCRA petition without a hearing on January 31, 2012. PCRA Court Order, 1/31/12, at 1. Appellant did not file a notice of appeal from the PCRA court's order.

On December 13, 2012, Appellant filed a second, *pro se* PCRA petition. The PCRA court dismissed the petition as untimely on March 5, 2013. PCRA Court Order, 3/5/13, at 1-2.

Appellant filed his third PCRA petition on February 25, 2015. Within this *pro se* petition, Appellant claimed that "the Commonwealth violated [Appellant's] due process rights by withholding material impeaching and exculpatory evidence at the time of trial, causing [Appellant] to plead guilty." Appellant's Third PCRA Petition, 2/25/15, at 6. Specifically, Appellant claimed: "[o]n January 18, 2015, [Appellant's] mother advised him that his trial attorney, Mr. Matthew Gerald Porsch[,] told her that the Commonwealth did not turn over the 'Ballistic Reports' in this case until after he had been sentenced. That the Ballistic Report indicated that the gun involved in this case 'misfired.'" *Id.* at 7.

Further, Appellant attached to his PCRA petition an affidavit from his mother, Aisha Barnes. In relevant part, the affidavit declared:

> (2). While in the office of my [son's] attorney . . . I learned that the Ballistic Reports involving the gun alleged in this case[ w]ere not provided to my [son's] attorney . . . until after my son had [pleaded] guilty[] and [was] sentenced.

(3). My son called me on January 18, 2015. While in conversation with my son[,] I told him that his attorney told me that the Ballistic [R]eports didn't come back until after trial.

. . .

(5). The attorney told me that the Ballistic Reports indicated that the gun misfired.

Affidavit of Aisha Barnes, dated 2/1/15, at 1.

On April 17, 2015, the PCRA court dismissed Appellant's third PCRA petition without a hearing. As the PCRA court explained:

The [p]etition claims to present "exculpatory evidence that has subsequently become available," yet [Appellant] presents no evidence, only the hearsay statement of his mother. [Appellant] has not presented the ballistics[] report, affidavit of his counsel, or set forth how a test after the fact on the firearm would be determinative of his innocence and vitiate a voluntary and knowing plea of guilty. Further, there is no evidence as to when this report was in fact turned over or what its exact contents are, or why he did not or could not have learned of its existence in the four (4) years since the entry of his plea. At this point, [Appellant] is woefully short of meeting his burden of persuasion and proof.

PCRA Court Opinion, 3/13/15, at 1.

Appellant filed a timely notice of appeal to this Court. We now affirm the dismissal of Appellant's patently untimely, serial PCRA petition.

The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. This time-bar demands that "any PCRA petition, including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the]

petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is appropriate." ***Commonwealth v. McKeever***, 947 A.2d 782, 785 (Pa. Super. 2008); ***see also*** 42 Pa.C.S.A. § 9545(b). Further, since the time-bar implicates the subject matter jurisdiction of our courts, we are required to first determine the timeliness of a petition before we are able to consider any of the underlying claims. ***Commonwealth v. Yarris***, 731 A.2d 581, 586 (Pa. 1999). Our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. ***See, e.g., Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa. 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); ***Commonwealth v. Fahy***, 737 A.2d 214, 220 (Pa. 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition). . . . [Timeliness] is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

***Commonwealth v. Whitney***, 817 A.2d 473, 475-76 (Pa. 2003).

In the case at bar, Appellant's judgment of sentence became final in 2011. As Appellant did not file his current petition until February 25, 2015, the current petition is patently untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. ***See*** 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Perrin***, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA

- 4 -

demands that the petitioner plead and prove all required elements of the relied-upon exception).

Within Appellant's PCRA petition, Appellant claimed that, at some point in time, Appellant's trial counsel told Appellant's mother "that the Ballistic Reports involving the gun alleged in this case[ w]ere not provided to my [son's] attorney . . . until after my son had [pleaded] guilty[] and [was] sentenced . . . [and] the Ballistic Reports indicated that the gun misfired." Appellant's Third PCRA Petition, 2/25/15, at 6; Affidavit of Aisha Barnes, dated 2/1/15, at 1. As Appellant averred, his mother informed him of this fact on January 18, 2015, during a telephone call.

Appellant claims that the above allegations satisfy the "governmental interference" and "after-discovered facts" exceptions to the time-bar. These statutory exceptions provide:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[;]
>
> . . .

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

To invoke either exception, the petitioner is statutorily required to file his petition "within 60 days of the date the claim could have been presented." *Id.* Our Supreme Court has explained that – to satisfy this "60-day requirement" – a petitioner must plead facts demonstrating "when and how" he discovered the information upon which the claim is based and then plead facts explaining why "the information could not have been obtained earlier with the exercise of due diligence." *Commonwealth v. Stokes*, 959 A.2d 306, 310-311 (Pa. 2008); *Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001). Moreover, because the "60-day requirement" of section 9545(b)(2) is a statutory mandate, the pleading rule is "strictly enforced." *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010); *Commonwealth v. Vega*, 754 A.2d 714, 718 (Pa. Super. 2000).

In the case at bar, Appellant did not plead: the date upon which his trial counsel learned of the ballistic reports; the date upon which his mother learned from his trial counsel about the ballistic reports; or, why Appellant could not have learned of the existence of the reports sooner. Therefore, Appellant did not plead any facts to establish why "the information could not have been obtained earlier with the exercise of due diligence." *Stokes*, 959 A.2d at 310-311.

- 6 -

Appellant has thus failed to plead that he filed his petition "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). As such, our "courts are without jurisdiction to offer [Appellant] any form of relief." ***Commonwealth v. Jackson***, 30 A.3d 516, 523 (Pa. Super. 2011). We affirm the PCRA court's order, dismissing Appellant's third PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/13/2016